UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>DAVID SMOTHERMON,<br><br>Defendant. | : | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**<br><br>19 Cr. 382 (AKH) |

ALVIN K. HELLERSTEIN, U.S.D.J.:

David Smothermon was charged on May 23, 2019 in a single-count indictment with wire fraud "to defraud his employer, a financial firm ("Firm-1"), of its right to control it assets," in violation of 18 U.S.C. Sections 1343 & 2. ECF No. 25. Following the Supreme Court's decision in *Ciminelli v. United States*, 143 S. Ct. 1121 (2023), which invalidated the right to control theory of wire fraud used in the original Indictment, the defendant was charged in a Superseding Indictment with wire fraud under 18 U.S.C. Sections 1343 & 2 "in order to obtain a discretionary bonus to which he would not have been entitled[.]" ECF No. 96. Defendant filed the instant motion on July 19, 2024, arguing that the Superseding Indictment fails to allege a fraud within the statute's meaning because devising a scheme to receive money to which he was already entitled—i.e. a yearly bonus—is not an attempt to obtain money or property as set out by the statute. For the reasons stated herein, defendant's motion is denied.

**Background**

Defendant Smothermon is a commodities trader who was employed by Trammo, Inc. ("Trammo") to trade liquified petroleum gas products at its Houston-based gas subsidiary. His employment with the company ended in 2016, at which point he was the CEO of the company's

Houston subsidiary. As part of his employment, Smothermon would receive a yearly, discretionary bonus, based in large part upon how the company performed that year. If that bonus exceeded $50,000, 20% of its total value would be deferred for payment by three years. If an employee earned a bonus, it would typically be awarded in May of the following year. In 2015, under Smothermon's leadership, the company performed very well. The following May, in 2016, he recommended to his firm that he be awarded a bonus of $14.2 million dollars. On May 31, 2016, Trammo awarded Smothermon a bonus of $15.08 million for the 2015 year.

The Government alleges that during 2016, Smothermon repeatedly mismarked trades in the company's Financial Trading book to conceal substantial losses that the company was experiencing. He also allegedly directed other employees to similarly mismark the terms of their trade contracts to make them appear more profitable. According to the Superseding Indictment, Smothermon undertook this deception to falsely inflate the bonus that he would earn. Smothermon continued concealing the true nature of Trammo's trading activity through August 2016, when a senior Trammo executive alerted him that a discrepancy in the trading records had been discovered, and that employees of the company were flying to Houston to undertake a broad review of the Houston subsidiary's physical trading contracts. On September 1, 2016, Smothermon resigned from the company and admitted to a Trammo executive that he had been mispricing his trading book. A subsequent audit conducted by Trammo revealed that Smothermon's deceit, as well as other deceptions done at his direction, had concealed over $200 million in trading losses.

## Discussion

A. Standard

Federal Rule of Criminal Procedure 7(c)(1) instructs that an "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." To do so, an indictment "need do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008). The heart of Rule 7's requirement is the need for a defendant to be informed of the nature of the accusations against him, and to be able to appropriately defend against those charges. *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000). Thus, so long as an indictment gives "some amount of factual particularity" to limit the elements of its case to those considered by the Grand Jury, thereby informing a defendant of the nature of the case brought against him, an indictment is sufficient. *Id.*

B. Application

Smothermon argues that the Superseding Indictment "fails to adequately allege a scheme to obtain money or property" because "he had already earned [his bonus] based on his 2015 performance." ECF No. 102 at 9-10. As support for this argument, Smothermon cites to various cases outside of this circuit where courts held that deception to maintain a salary already due is not a scheme to obtain money or property within the meaning of the wire fraud statute. *See. e.g.*, *United States v. Yates*, 16 F.4th 256, 266-68 (9th Cir. 2021).

This argument fails. Seeking to falsely prop up one's performance so that his statistics will look better for future bonuses, as well as an outstanding 20% of a past bonus, falls well within the statutory language of obtaining money or property. First, the bonus pool was not presented to employees until May 12, 2016. Then, Trammo solicited bonus recommendations from its

employees that same day, indicating that decisions were still being made about how much each discretionary bonus should be. This all demonstrates that the defendant's ongoing trading activity through May of 2016 had some bearing on the company's bonus determination for 2015. Second, Smothermon's deceit could have been carried out with the aim of enhancing his 2016 bonus prospects, which is not a salary he is already entitled to, as Smothermon argues, but rather is future potential money.

The Superseding Indictment therefore tracks the statute's language and meets all of its elements, fairly apprising Smothermon of the charges against him in accordance with Federal Rule of Criminal Procedure 7(c)(1).

**Conclusion**

The defendant's motion to dismiss the Superseding Indictment is denied. The conference scheduled for October 22, 2024 will be treated as a pre-trial conference. The Clerk of Court shall terminate ECF No. 101.

SO ORDERED.

Dated: September 18, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge